**John A. Cochran**, OSB No. 020022
**THE COCHRAN LAW FIRM LLC**
1033 SW Yamhill St., Ste. 201
Portland, OR 97205
Phone: 503-897-7115
E-mail: john@thecochranlawfirm.com
Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF OREGON – PORTLAND

| | |
|---|---|
| NORTHWEST INVESTMENT HOLDINGS, LLC, AN OREGON LIMITED LIABILITY COMPANY<br>Plaintiffs,<br>v.<br><br>CIVIC REAL ESTATE HOLDINGS III, LLC; FAY SERVICING, LLC; QUALITY LOAN SERVICE CORP.; DEFENDANT, DOES 1 THROUGH 5<br><br>Defendants. | CASE NO.<br><br>COMPLAINT FOR STANDING AND CONVERSION AND FDCPA VIOLATION<br><br>JURY TRIAL REQUESTED |

COMES NOW Plaintiff, Northwest Investment Holdings LLC, a Oregon Limited Liability Company (hereinafter referred to as "NWIH"), by and through John A. Cochran, hereby files this Complaint to assert the below legal claims and states the following:

### NATURE OF THE ACTION

1.

Plaintiff is owner of Oregon Property. Defendant NWIH shall jointly be referred to as ("Defendant or NWIH) unless otherwise referred to specifically for the purpose of separate liability

and claim identification for that respective party. Plaintiff executed a residential deed of trust for the property located at 19105 SE Yamhill St., Portland, OR 97233 ("Property") for the amount stated on the face of the Note, as original balance on May 24, 2021. The Notice sent on August 25, 2023 states that the amount of $364,207.20 is due and owing.  It appears that the amount on the Notice of Default and Notice of Sale is incorrect.

2.

There were several accounting issues and the monthly payment never decreased but increased and Plaintiff asked about it and never got an adequate response. Defendants are unable or refuse to show one of them, or a principal is entitled to enforce Plaintiffs' Note under Oregon's Uniform Commercial Code (UCC), ORS 71.1010 et seq. 2.

3.

On September 09, 2023, Plaintiff sent out a letter asking for specific information per the UCC regarding the proper Noteholder. Plaintiff also called this representative in August and July. The representative and servicer could not explain the deficiencies adequately. The amount due and owing was never explained with any degree of depth or certainty as to the calculation of the figure the Defendant demanded payment from Plaintiff.

4.

Plaintiff has tried hard to get the right information and after spending a lot of time going over the accounting and some other facts we are submitting this Complaint regarding violations of the UCC and FDCPA.

5.

Fay Servicing are Debt Collectors as defined in 15 U.S.C. Section 1692a(6) and liable for the acts of officers, agents and employees because they are debt collectors. Plaintiff has sent demand for

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

accounting a claim for wrongful accounting and FDCPA claims and other claims deriving from said accounting and other issues

6.

The lender called repeated to demand payment and collection on a loan amount that Plaintiff did not agree to or agree with and that Lender would not supply any documentation or validate that amount was proper or legitimate, especially after Plaintiff paid Defendant lender a substantial amount and Plaintiff never received proper accounting after that point. Plaintiff does not even know if Defendant has authority or right to enforce and collect against said Note as it does not appear to have any interest or indicia of ownership in said Note. And the accounting is improper and incorrect.

7.

Plaintiff does not see payments applied in the accounting. The alleged beneficiary/lender/servicer refuses to answer that question as to the character and amount of the debt. Plaintiff also argues that Defendant does not even have the right to ask for said debt as Defendant has not provided with answers to the UCC demand letters and Defendant refuses and simply has not shown the requisite authority to act as holder of the Note and has no right to enforce the Note.

8.

Certain acts taken by Servicer Fay Servicing and Lender and Beneficiary in not proving its status as a holder of the Note classifies them as a Debt Collector as defined in 15 U.S.C. Section `692a(6) and liable for the acts of officers, agents, and employees because they also are debt collectors.

9.

COMPLAINT UNLAWFUL FORECLOSURE - 3

Plaintiff has sent a letter requesting particular information and establishing that the current beneficiary does or does not have the right to enforce the promissory note. Said requests were made on September 09, 2023. The alleged lender and servicer have given NO proper response with the requested information sent back to Plaintiff in the legally required timeframe.

## II. JURISDICTION, VENUE, AND PARTIES

**A.    JURISDICTION**

> *i.        Diversity of Citizenship*

10.

Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs. The named parties are of completely diverse citizenships. The Property is situated in the State of Oregon and the Plaintiff is a resident of Oregon. Defendant Fay Servicing is located in Nashville, TN and therefore is a citizen of Tennessee for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1). Defendant Civic is located in Delaware and is a citizen of Delaware for purposes of diversity jurisdiction.

> *ii.       Amount in Controversy*

11.

The amount in controversy exceeds $75,000, exclusive of interest and costs. This Complaint concerns a loan with an original balance of $360,000, with a balance allegedly due and owing of approximately $364,000.00 together with interest thereon at a percentage rate per annum, plus all accrued late charges thereon and all trustee's fees, foreclosure costs and any sums advanced by the beneficiary pursuant to the terms and conditions of said deed of trust. Therefore, the request for relief stated in this Complaint places the claim well over $75,000 in controversy,

**THE COCHRAN LAW FIRM, LLC**
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

exclusive of interests and costs.

### iii.    *Supplemental Jurisdiction*

#### 12.

Court has supplemental jurisdiction over Plaintiff's pendent state law claims pursuant to 28 U.S.C. § 1367.  This Court has authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

### iv.    **Federal Question Jurisdiction**

#### 13.

In addition, as a separate basis for jurisdiction, the United States District Court of the District of Oregon has original jurisdiction over this action under 26 U.S.C. 1331 (federal question).  As explained below, the action presents questions of Fair Debt Practices in not assisting borrower to clear up inaccurate accounting and instead moves to foreclosure.

## B. VENUE

#### 14.

Venue for all claims lies in the District of Oregon since Plaintiff's claims arose from acts of the Defendants perpetrated therein or perpetrated on an Oregon resident through the phone or mail system.

## C. PARTIES

#### 15.

Plaintiff is now a resident of the State of Oregon as a company and his Property in question is located at 19105 SE Yamhill St., Portland, OR 97233.

#### 16.

Civic is the original lender as reflected on the Deeds of Trust dated May 20, 2021 and

COMPLAINT UNLAWFUL FORECLOSURE - 5

**THE COCHRAN LAW FIRM, LLC**
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

recorded on May 24, 2021 as Doc. No. 2021-081673.

17.

Civic Real Estate Holdings III, LLC is acting as beneficiary but not clear as to role of the original lender with confusingly similar name as Civic Financial Services, LLC.

18.

Defendant, Does 1 through 5: Plaintiff is without knowledge of the true names and capacities of all potential Defendants and therefore sues these Defendants as DOE.  Plaintiff reserves the right to amend with the true names and capacities of any said DOE if any, when such information is ascertained.

### III.  ISSUES PRESENTED

18.

Plaintiff  sent out a UCC demand letter to   produce substantive proof that Defendants had the legal right to declare a default on the Note-the threshold event- and then exercise any rights it or another had in the Note or Security Deed. Plaintiff also asked for a verification of the amount that the Lender was demanding as due under the Note.

Plaintiff made the next payment and then lender still offered no modification and still wanted another payment.  Plaintiff felt shocked and deceived that after he paid all that money to lender, lender offered him absolutely nothing and refused to give Plaintiff an accounting or any type of verification of the monthly payment or the full amount due and owing.  Plaintiff sought UCC-centric records from Fay Servicing under the FDCPA, Oregon's UCC, and Regulation X, 12 C.F.R. Section 1024.36.  Section 1 of the UCC demand letter sought the

**THE COCHRAN LAW FIRM, LLC**
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

answers to eight (8) questions of Servicer Fay Servicing regarding the legal status of the alleged Holder of the Note.  None of the Questions in the UCC Demand letter asked the Servicer to verify an alleged debt under the FDCPA.  Plaintiffs received no meaningful records responsive to the request under the FDCPA, Oregon's UCC, and Regulation X, 12 C.F.R. Section 1024.36 from Servicer Fay Servicing. Fay Servicing response was severely deficient if all together absent and lacking.

## IV.  CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### IMPROPER ACCOUNTING CONSTITUTES FDCPA VIOLATION

19.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

20.

There was a discrepancy in the statements sent to Plaintiff and the amounts that Plaintiff paid to Defendant. Plaintiff will demonstrate said issues at trial with evidence and testimony. .  Plaintiff then asked for clarification and never received any such clarification, just demands to make payment of the amount shown. Plaintiff claims the amount, character and validity of said debt is incorrect, improper and unlawful.

21.

Plaintiff claimed it made the payments to keep loan current but that the amount made per month and other amounts stated to be due after the fact did not make sense to him.  He asked for clarification and he did not receive an adequate response to his simple requests for information.

COMPLAINT UNLAWFUL FORECLOSURE - 7

22.

Plaintiff asks the Court to give Defendant a proper statement and information to determination the proper amount of the debt that Defendants are attempting to collect against Planitiff's Property and also if Defendant even has any interest, right or title in the Note to have any legal right to enforce said Note.

## SECOND CLAIM FOR RELIEF
## FRAUD

23.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

24.

Plaintiff asked for was an updated accounting and fair loan terms in exchange for the payments under debt instrument as conveyed to the representative.

25.

Plaintiff had a reasonable expectation that Defendants would provide him with proper authority, proper accounting, assessments and representations and have fulfill the commitment to discuss loan and monthly payment, not ignore all requests and push through an expedited foreclosure process.

No one could explain in fair and reasonable terms to Plaintiff.    The lender/lender/servicer agent made statements to coerce Mr. Bernard into paying down his loan, he thought and then only to discover they wanted more money and would not help him in any real manner.

COMPLAINT UNLAWFUL FORECLOSURE - 8

**THE COCHRAN LAW FIRM, LLC**
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

26.

Plaintiff demands repayment of the monies it has paid to lender and all other payments to this false lying lender/representative agent or correctly correct the loan amount for the misappropriation and misaccounting, misrepresentations and violations stemming therefrom. If and it is a strong possibility that Defendant cannot show certain rights to enforce said Note and Deed of Trust then the actions is more than fraudulent in this case depending on discovery. Defendants attempt to collect assets THAT IT HAS NO LEGAL RIGHT TO COLLECT OR ACQUIRE. Additionally, even if it did or did not have the right to collect said amount, the amount is wrong and it definitely does not have the legal right to attempt to threaten Plaintiff with collection action, foreclosure, and other type of asset collection without proper accounting and procedures.

WHEREFORE, Plaintiffs pray for judgment in an amount of misrepresented and fraudulent amounts that Defendant failed to disclose and also reserves the right for treble damages of the fair market value of the home in an amount of $400,000.00.  Plaintiff asks to track the payments and the alleged authority and proper accounting for these entities to take all this money from Plaintiff.

### THIRD CLAIM FOR RELIEF
### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT
### 15  U.S.C. § 1692(e)

27

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

28

**THE COCHRAN LAW FIRM, LLC**
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

As mentioned above in this Complaint, there are stated concerns and issues with the accounting.  Plaintiff paid a large sum of money and somehow the lender tried to amortize the remaining balance.  This action is not proper in the collection and enforcement of said debt.  One issue is the amount at issue that is being reported as behind or that is alleged due and owing is incorrect.

29

The FDCPA is a strict liability statute which specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer." 15 U.S.C. § 1692e(10). The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debts collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." _Miller v. Javitch, Block & Rathbone_, 561 F.3d 588, 591 (6th Cir. 2009) (quoting 15 U.S.C. § 1692(e)).

30

To assess whether particular conduct violates the FDCPA, courts use the "least sophisticated debtor" standard. _See Swanson v. Southern Oregon Credit Service, Inc._, 869 F.2d 1222, 1227 (9th Cir. 1988). This objective standard "ensure[s] that the FDCPA protects all consumers, the gullible as well as the shrewd." _Clomon v. Jackson_, 988 F.2d 1314, 1318-19 (2nd Cir. 1993).

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

31

When applying the "least sophisticated consumer" standard, the Misleading

statement must also be materially false or misleading to violate FDCPA 15 U.S.C. §

1692e. *Miller* at 596-97. "The materiality standard simply means that in addition to being

technically false, a statement would tend to mislead or confuse the reasonable

unsophisticated consumer." *Wallace v. Washington Mut. Bank, F.A.*, 683 F.3d 323, 326-27

(6th Cir. 2012).

32

Given the tests above, it is very clear that if Defendant cannot confirm the right

amount of the debt and if it is not clear and spelled out to Plaintiff how payments are

applied and a large payment is taken and more payments and no application of said

monies properly to said debt and keep attempting to collect on an improper amount,

then Defendant has been literally violating the FDCPA month after month since it

allegedly attempted to make collection efforts against Plaintiff for many years.

They way in which Defendants have committed numerous violations using false

representations and unfair and deceptive practices to collect against Plaintiff should entitle

Plaintiff to an award of damages in an amount of no less than from the date of collection.

Therefore, Defendants conduct have led to violations every month for 2 years and additional false

and misleading statements by Defendants regarding its capacity to collect said amount or have any

interest in said loan and unlawful statements and default notices.  This amounts to damages in an

amount of no less than $1000 per violation a month for 24 months or $24,000.00.

COMPLAINT UNLAWFUL FORECLOSURE - 11

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

**FDCPA COUNT 1**
**15 U.S.C. § 1692 E(2) – FALSE OR MISLEADING REPRESENTATION IN COMMUNICATIONS**

33.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

34.

Plaintiff requested proof from Fay Servicing to show it, or a principal, had the threshold legal rights to declare a default in this amount, and then enforce her Note under the UCC by virtue of a statements and possible foreclosure action/Trustee's sale based solely on alleged rights in the security instrument.

35.

Based on the responses Plaintiff received from Fay Servicing, Plaintiff denies the Note is in default, and as such, owes nothing to an alleged Holder of her Note.

36.

Fay Servicing in attempting to collect on the Note and Deed of Trust and eventually foreclose on Plaintiff's home sent letters and notices to Plaintiff, wherein it alleged it had the right to collect and sell Singh's property, because of an alleged default and harassing Client for money it is not entitled to by law.

37.

Fay Servicing failed, refused, or could not show that it, or its principal, held the legal right to enforce Singh's Note and then collect, harass, intimidate and act to sell his property in enforcing said Note for the amount alleged by Creditor.

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

38.

Given Fay Servicing failed, refused, or cannot show it, or a principal is fully entitled to

enforce his Note for the amount stated, it communicated false information concerning the legal

character of the alleged debt by acting as, or for, an alleged Holder of the Note.

39.

Given Plaintiff denies the Note is in default, Fay Servicing communicated false

information concerning the amount of the alleged amount of debt by acting as, or for, an alleged

Holder of

the Note.

40.

Given Fay Servicing failed, refused, or cannot respond to Plaintiff's letters regarding its

legal status as Holder or amounts alleged to be due thereunder said guise of servicer or lender

or Creditor or Debt Collector, or the agent thereof, it communicated false information

concerning the legal status of the alleged debt by acting as, or for, an alleged Holder of the

Note.

41.

Fay Servicing sent notice to Plaintiff that it and alleged Lender, CIVIC was proceeding

with collection and a foreclosure action and demanded large sums of money or improper

amounts in a fraudulent manner.

42.

By its actions, Defendants, violated 15 U.S.C. § 1692 e(2) regarding communication

related to the character, amount, or legal status of the alleged debt.

### 15 U.S.C. § 1692 F(1) - UNFAIR PRACTICES

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

59.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though
fully set forth herein.

60.

The Oregon's UCC controls the transfer of rights in negotiable instruments.

61.

As citizen of Oregon, Plaintiff has right to avail itself of the laws and the procedures
and protections therein.

62.

Plaintiff requested proof from Fay Servicing to show it, or a principal, had, or has, the
threshold legal rights to declare a default, and then enforce his Note under the UCC by virtue
of a Trustee's sale based solely on alleged rights in the security instrument.

70

Fay Servicing failed, refused, or could not show that it, or its principal, held the legal
right to enforce Singh's Note and then act to sell his property.

71.

Fay Servicing failed, refused, or could not show that it had a legal nexus, as a party or
rightful Holder of her Note with any enforcement rights therein.

72.

Fay Servicing and its principal are not a valid Holder of Plaintiff's Note.

73.

Fay Servicing violated 15 U.S.C. § 1692 f(1), by attempting to enforce the Deed of Trust
when it cannot show it, or its principal are an interested party to the agreement creating the

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

alleged debt by virtue of a fully qualifying UCC transfer of rights. Damages as proven at trial.

## FDCPACOUNT 2
## 15 U.S.C. §§ 1692 E(2), F, & F(1) - UNFAIR PRACTICES 3

### 74.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

### 75.

Plaintiff requested proof from Fay Servicing to show the debt was a valid debt; that it had a legal right to enforce the Note; and then exercise any legal rights it had in the Deed of Trust.

### 76.

Plaintiff offered to surrender the property, if Fay Servicing could show it, or another, held the rights to enforce his Note, and then exercise the security interest.

### 77.

Fay Servicing failed, refused, or could not show that it, or its principal, held the legal right to enforce his Note and then act to sell his property.

### 78.

Fay Servicing failed, refused, or could not show, that the alleged underlying debt was a valid debt.

### 79.

Fay Servicing failed to show it possessed any legal rights in his Deed of Trust or Note by virtue of a fully qualifying UCC transfer of the Note, which is the underlying debt instrument its actions are based on.

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

80.

The enforcement of notes and the protections afforded Plaintiff under the UCC and FDCPA are inextricably intertwined.

81.

Fay Servicing and CIVIC violated 15 U.S.C. §§ 1692 e(2), f, & f(1) when it failed to validate and misrepresented the character, amount, or legal status of the alleged debt associated with the Note when attempting to collect and receive monies it is not entitled to  and threaten foreclose on Plaintiff's personal property rights in the Note and real property rights in the property.  Damages as proven at trial.

## FOURTH CLAIM FOR RELIEF
## CONVERSION

82.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

83.

The counterparties to the Note and Deed of Trust enjoy a myriad of personal property rights in the instruments, which include procedural rights under several bodies of law which includes Oregon's UCC. It is important to remember that these procedural rights are not merely notional.

84.

Fay Servicing and CIVIC is liable for common-law conversion.

85.

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

Conversion is an intentional exercise of dominion or control over a chattel which so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the chattel.

86.

In determining the seriousness of the interference and the justice of requiring the actor to pay the full value, the following factors are important:

a. the extent and duration of the actor's exercise of dominion or control;

b. the actor's intent to assert a right in fact inconsistent with the other's right of control;

c. the actor's good faith;

d. the extent and duration of the resulting interference with the other's right of control;

e. the harm done to the chattel;

f. the inconvenience and expense caused to the other.

87.

Fay Servicing and CIVIC converted the personal property rights (Singh's chattel) of Plaintiff in his Note for its own use.

88.

Plaintiff has the right to challenge Fay Servicing and CIVIC and an alleged Holder, of his Note under the UCC.

89.

Fay Servicing's failure or refusal to honor Plaintiff's rights is a 'taking' of his 'rights and protections' enjoyed in his Note and the laws of Oregon.

90.

COMPLAINT UNLAWFUL FORECLOSURE - 17

Defendant(s) as the alleged person entitled to enforce the Note, or as its agent, withheld information and documents relevant to the mortgage loan, Note, and Deed of Trust, and its alleged legal status.

91.

Fay Servicing was and is withholding of information related to Plaintiff's Note. The extent and duration of the Fay Servicing's exercise of dominion and control over Plaintiff's personal

property rights in his Note, extends to the date of filing this Complaint.

92.

Fay Servicing committed extreme and outrageous acts when it repeatedly ignored Plaintiff's UCC demand letters and continued its foreclosure acts without a showing that it, or a principal, had the authority to enforce the Note.

93.

Fay Servicing had opportunity to demonstrate under Oregon's UCC, the FDCPA, Regulation X, and Oregon's foreclosure laws that it or its principal is the valid holder of Plaintiff's Note.

94.

Defendants are liable to Plaintiff for common-law conversion of his personal property rights (chattel) in Mr. Singh's Note.

## FIFTH CLAIM FOR RELIEF
## BREACH OF GOOD FAITH AND DUTIES OF CARE

95.

Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

fully set forth herein.

96.

The UCC at ORS 71.2010(t) shows, ""Good faith," except as otherwise provided in ORS chapter 75, means honesty in fact and the observance of reasonable commercial standards of fair dealing." In pertinent part, ORS 71.3020(2) reads, "The obligations of good faith, diligence, reasonableness and care prescribed by the Uniform Commercial Code may not be disclaimed by agreement." Furthermore, ORS 71.3040 shows, "Every contract or duty within the Uniform Commercial Code imposes an obligation of good faith in its performance and enforcement."

97.

Under Oregon's foreclosure laws and the UCC, Quality Loan failed to:

a. Exercise its duty of good faith toward the borrower by collecting, harassing, demanding payment with no proper legal accounting to put the account in "good" standing and not even having the proper legal authority to make such demands and take large sums of unaccounted proceeds from Mr. Singh and never producing the proper legal records to show said authority, or its principal was fully entitled to enforce the Note under the UCC.

b. Abide by the law having concealed material information needed by Plaintiff related to an alleged default and the Holder's right to declare a default and the amount of said default and who was proper party to receive said funds or even the proper party so he had option to surrender the property to the proper Person.

COMPLAINT UNLAWFUL FORECLOSURE - 19

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

c.  Provide records to show Fay Servicing, or its principal, was the valid Holder of the Note, to which she could surrender the property.

98.

Fay Servicing and CIVIC both failed to fulfill its duty to Plaintiff by failing to act in a legal and reasonable manner, to which Plaintiff could keep his Property out of default situation or foreclosure of said Property, with the assurances he sought.  Instead, he paid large sums for default with continued misrepresentations as to what he owed and how much he needed to pay to keep it out of default.  Additionally, statements were made to him that were insulting, degrading and age discriminating in nature.

**PLAINTIFF RESERVES RIGHT TO AMEND**

105.

Plaintiff reserves the right to add parties as it learns of separate and specific names of improperly and erroneously titled proper and necessary parties to this action.

106.

Plaintiff respectfully request the Court to allow leave to amend any pleading deficiencies or any new information obtained through discovery.

WHEREFORE, Plaintiff will ask for the following for each Claim for Relief sustained:

1.  For declaratory judgment first and foremost as to who actually owns this Note and Deed of Trust after asking Defendants to show IF they do indeed own the Note and Deed of Trust per the requests of Plaintiff and discovery in this case.
2.  For declaratory judgment as to the proper amount owed to Defendant and proper accounting to show continual violations of Defendant attempting to collect under the Note and Deed of Trust and against the protest and requests of Plaintiff.
3.  For the Second Claim alleging violations of FDCPA, an amount of damages of equal to what Plaintiff has improperly paid thus far to Fay Servicing and CIVIC and penalties and damages stemming therefrom and to be proven at trial for each and every violation

COMPLAINT UNLAWFUL FORECLOSURE - 20

4.  For the fraud claim, treble damages in an amount no greater than $400,000.
5.  For the conversion claim, For the Civil Discrimination Claim Plaintiff is asking for an amount of damaged no greater than $400,000 Thousand Dollars.
6.  For general, special, direct, compensatory and ancillary damages or whatever Plaintiff may prove at trial.
7.  For any necessary temporary, preliminary or permanent injunction as awarded.
8.  For any prejudgment or other interest according to law.
9.  For whatever relief the Court deems just and equitable.

DATED January 10, 2024.

/s/ John A. Cochran _____
John A. Cochran, #020022
1033 SW Yamhill St., Ste. 201
Phone:  503-897-7115
E-mail:  johnpplllc@gmail.com

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties through the Court's Electronic Case Filing System. Parties may access this filing through the Court's system.

Clerk of the Court
U.S. District Court for the District of Oregon
Mark O. Hatfield U.S. Courthouse
1000 S.W. Third Avenue
Portland, OR 97204-2902

PACIFIC PROPERTY LAW LLC:

By: /s/ John A. Cochran
John A. Cochran, OSB #020022
john@thecochranlawfirm.com

COMPLAINT UNLAWFUL FORECLOSURE - 22

THE COCHRAN LAW FIRM, LLC
1033 SW Yamhill St., Ste. 201.
Portland, OR 97205
PHONE (360) 601-8157
E-mail: john@thecochranlawfirm.com